**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: COVIDIEN HERNIA MESH PRODUCTS LIABILITY LITIGATION NO. II, | MDL No. 22-md-03029-PBS |
| LARRY PATTERSON and TAMMY PATTERSON, Plaintiffs, v. COVIDIEN, INC., et al., Defendants. | Civil Action No. 22-cv-10153-PBS |

**ORDER**

February 26, 2026

Saris, J.

Defendants Covidien LP and Sofradim Production SAS (together, "Covidien") move to strike the declaration of Dr. Lucian Newman III and briefing in reliance on this declaration submitted by Plaintiffs Larry and Tammy Patterson in opposition to Covidien's motion for summary judgment and motion to exclude the expert testimony of Dr. Stephen Ferzoco. Covidien argues that Plaintiffs failed to disclose Dr. Newman's declaration before the close of discovery, that the declaration offers expert testimony even though Dr. Newman was not disclosed as an expert, and that the

1

declaration is a sham affidavit. After hearing, the Court denies Covidien's motion to strike.

Covidien first argues that Dr. Newman's declaration should be stricken because its production after the close of discovery violates the Court's scheduling orders. So long as a witness is properly disclosed under Federal Rule of Civil Procedure 26, however, a party may obtain an affidavit or declaration from that witness to support or oppose summary judgment without having previously produced that document to the opposing side during discovery. See, e.g., Frosch v. Alsobrook, No. 24-40662, 2025 WL 1566587, at *2 (5th Cir. June 3, 2025) (per curiam); Benoit v. City of Lake City, 343 F. Supp. 3d 1219, 1223-24 (M.D. Fla. 2018); Brantley v. Ferrell Elec., Inc., 112 F. Supp. 3d 1348, 1357 (S.D. Ga. 2015); Russo v. Estée Lauder Corp., 856 F. Supp. 2d 437, 447 n.4 (E.D.N.Y. 2012); Rivot-Sanchez v. Warner Chilcott Co., 707 F. Supp. 2d 234, 259 (D.P.R. 2010); Dupee v. Klaff's, Inc., 462 F. Supp. 2d 233, 235 n.2 (D. Conn. 2006); SEC v. Poirier, 140 F. Supp. 2d 1033, 1041-42 (D. Ariz. 2001). Plaintiffs' failure to produce Dr. Newman's declaration during discovery does not justify disregarding that declaration at the summary judgment stage.

Nor is exclusion of Dr. Newman's declaration warranted on the basis that Plaintiffs did not timely disclose Dr. Newman as an expert witness under Rule 26. See Fed. R. Civ. P. 26(a)(2) (listing disclosure requirements for witnesses offering expert testimony).

"[A] treating physician, testifying as to his consultation with or treatment of a patient, is not an expert witness for purposes of Rule 26." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003). In his declaration, Dr. Newman asserts in relevant part that he would not have used the Symbotex mesh for Mr. Patterson's hernia repair had he known "that the collagen barrier could be resorbed within seven days or anything substantially less than thirty days." Dkt. 95-12 ¶ 9. This assertion is based on his treatment of Mr. Patterson and, thus, is not expert testimony requiring disclosure under Rule 26. See In re C.R. Bard, Inc., 948 F. Supp. 2d 589, 616-17 (S.D. W. Va. 2013) (deeming treating physicians' testimony about whether they "would have used the . . . products if they were given the warnings that the plaintiffs contend should have been given" to be "fact testimony"); In re Levaquin Prods. Liab. Litig., 726 F. Supp. 2d 1025, 1036 n.4 (D. Minn. 2010) (deeming a treating physician's "responses to hypothetical questions about what he would have done if he had received adequate warnings" to be lay witness opinions).

Finally, Dr. Newman's declaration does not violate the sham affidavit rule. That rule provides that "where a party has given clear answers to unambiguous questions in discovery, that party cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory unless there is a satisfactory explanation of why the testimony has changed."

3

Calderón-Amézquita v. Rivera-Cruz, 158 F.4th 54, 74 (1st Cir. 2025) (quoting Escribano-Reyes v. Pro. Hepa Certificate Corp., 817 F.3d 380, 386 (1st Cir. 2016)). The First Circuit has applied the sham affidavit rule to an "interested" non-party witness on at least one occasion. Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 16, 20-21 (1st Cir. 2000) (quoting Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4 (1st Cir. 1994)) (affirming the striking of an affidavit of the plaintiffs' client), while the Third Circuit has affirmed a decision to strike a treating physician's affidavit on this basis, see In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 639 F. App'x 874, 877-78 (3d Cir. 2016).

The Court need not decide whether the sham affidavit rule applies to Dr. Newman because, even if it does, the rule does not support striking his declaration. Most of Dr. Newman's declaration does not clearly contradict his deposition testimony. The only clear contradiction -- whether, looking back, Dr. Newman would still use Symbotex for Mr. Patterson's procedure -- is readily explained by Dr. Newman's post-deposition review of evidence indicating that Symbotex's collagen barrier may resorb within seven days. See Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 54 (1st Cir. 2000) ("[N]ew sources of information . . . can often explain a revision of testimony."). While Dr. Newman's declaration "[c]learly . . . serves as a direct rebuttal to the arguments and theories presented by [Covidien] in [its] summary

4

judgment motion," the Court cannot strike the declaration solely on that basis without identifying a clear and inadequately explained contradiction with earlier testimony. Selfridge v. Jama, 172 F. Supp. 3d 397, 413 (D. Mass. 2016).

Accordingly, Covidien's motion to strike (Dkt. 104) is **DENIED**.


SO ORDERED.

                                        /s/ PATTI B. SARIS  
                                        Hon. Patti B. Saris  
                                        United States District Judge