**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                )
IN RE: COVIDIEN HERNIA MESH      )
PRODUCTS LIABILITY LITIGATION    )          MDL
NO. II                           )          No. 22-md-03029-PBS
_____  )
                                 )
LARRY PATTERSON and TAMMY        )
PATTERSON,                       )
                                 )
                 Plaintiffs,     )
                                 )          Civil Action
v.                               )          No. 22-cv-10153-PBS
                                 )
COVIDIEN, INC., et al.,          )
                                 )
                 Defendants.     )
_____  )
```

<u>**MEMORANDUM AND ORDER**</u>

April 28, 2026

Saris, J.

<u>**INTRODUCTION**</u>

This multidistrict litigation involves hernia mesh products manufactured by Defendants Covidien LP and Sofradim Production SAS (together, "Covidien"). In the first bellwether case, Plaintiff Larry Patterson ("Plaintiff") alleges that he was implanted with a Symbotex Composite Mesh ("Symbotex") during a 2017 hernia repair operation and that the Symbotex adhered to his bowel and eventually caused a bowel obstruction and hernia recurrence necessitating another operation in 2020. Plaintiff brings products liability claims against Covidien under Alabama law, including claims under

1

the Alabama Extended Manufacturer's Liability Doctrine and for negligence, breach of warranty, and negligent and fraudulent concealment and misrepresentation.

The parties have filed motions to exclude the testimony of eleven expert witnesses under Federal Rule of Evidence 702. This opinion addresses Plaintiff's motion to exclude the testimony of Dr. Corey Deeken, a biomaterials expert offered by Covidien to opine that Symbotex is a safe product. The Court assumes familiarity with its opinion resolving Covidien's motion to exclude the testimony of Dr. Stephen Ferzoco and incorporates the background and legal standards from that opinion here. See In re Covidien Hernia Mesh Prods. Liab. Litig. No. II, __ F. Supp. 3d __, __ (D. Mass. 2026) [2026 WL 1129617, at *1-4].

After hearing, the Court **DENIES** Plaintiff's motion to exclude the testimony of Dr. Deeken (Dkt. 71).

## DISCUSSION

The Court begins by summarizing Dr. Deeken's qualifications and opinions. The Court then turns to the specific challenges Plaintiff raises to the admissibility of Dr. Deeken's testimony.

## I.   Dr. Deeken's Qualifications and Opinions

Dr. Deeken is a biological engineer focused on biomaterials, hernia repair, and product development. She has a Ph.D. in Biological Engineering from the University of Missouri, with a specialization in biomaterials used in hernia repair. She has over

twenty years of experience developing new biomaterials, animal models for soft tissue repair, and techniques for assessing explanted materials. Plaintiff does not challenge Dr. Deeken's qualifications as a biomaterials expert, and the Court finds that she is qualified to opine on Symbotex's safety.

Dr. Deeken's report begins by summarizing design features for hernia mesh products, the designs of Covidien's hernia meshes including Symbotex, and the risks associated with hernia repairs. Dr. Deeken explains that the design features of a specific product -- such as its material, filament structure, pore size, density, and barrier -- "work together to influence how the mesh performs inside the body." Dkt. 72-2 at 4. She also notes that meshes used in the abdominal cavity with direct contact with internal organs often have a coating or barrier to minimize attachment to the organs. This coating or barrier is meant "to provide protection during the period of time in which the peritoneum is healing and regenerating (i.e., the formation of the neoperitoneum)," for which "[t]he first 7-10 days represent the most critical period." Id. at 8. Dr. Deeken acknowledges that "[i]f a tissue-separating barrier does not effectively minimize tissue attachment to the mesh, adhesions may result." Id. at 15.

Dr. Deeken then surveys preclinical studies testing Symbotex's biocompatibility, performance, and stability. She opines that Covidien submitted data on "a wide variety of

3

biocompatibility testing" to support its § 510(k) submission for Symbotex and that this data "justif[ied] classification of Symbotex . . . as biocompatible." Id. at 26. In describing Covidien's performance testing of Symbotex, Dr. Deeken explains that Covidien conducted two animal studies of "collagen film degradation[] and tissue attachment." Id. at 27. One study compared Symbotex to Parietex Optimized Composite Mesh ("PCOx"), one of its predicate devices, and to the bare PCOx mesh component without the collagen barrier at four weeks post-implantation. The study found that "the collagen film was completely degraded 4 weeks after implantation"; that "[t]he incidence of adhesions . . . in the Symbotex group (2/12; 17%) was comparable to PCOx (0/12; 0%) and significantly better than the bare mesh ( . . . 8/12; 67%)"; that "Symbotex performs similarly to PCOx"; and that "the collagen film component minimizes tissue attachment to the underlying mesh." Id. Dr. Deeken then compares this result to a prior animal study finding adhesions in 20% of samples of a Parietex Composite Mesh ("PCO") mesh with the original bovine collagen barrier at three weeks after implantation. From this comparison, Dr. Deeken opines that "both bovine and porcine collagen-based barriers effectively minimize tissue attachments when evaluated in" animal studies. Id. at 25. Another Covidien animal study found that Symbotex's "collagen film was markedly to severely degraded . . . at the 4[-

]week time point" and that "Symbotex performs similarly to PCOx with regard to tissue ingrowth and integration." Id. at 28.

Dr. Deeken goes on to describe two published animal studies with preclinical data evaluating Symbotex. One study, which assessed the mesh at twenty-eight and ninety days after implantation, found that Symbotex had a "low adhesion score[] compared to [a] bare polypropylene mesh," indicating that "the collagen film component of Symbotex was effective for minimizing tissue attachment." Id. at 29. The other study concluded that "Symbotex was associated with a significantly smaller area covered by adhesions and looser adhesions than" two other meshes "at 7, 14, and 90 days post implantation" and that Symbotex allowed for "[a]ppropriate neoperitoneum formation." Id. at 29.

Dr. Deeken then evaluates available clinical data on Symbotex. She begins with a "Clinical Evaluation Report[]" ("CER") generated by Covidien based on complaints received between January 2015 and August 2020, which found "low" complication rates "consistent with complications reported through meta-analyses of the state of the art for hernia repair with mesh." Id. at 37. The CER further describes the results of a study finding no hernia recurrences after one year among forty-six patients implanted with Symbotex. Dr. Deeken also summarizes various published clinical studies based on registry data, including Gillion (2019), which found that "postoperative complications and hernia recurrence

rates associated with Symbotex were low," and Köckerling (2018), which found that Symbotex had "the lowest hernia recurrence rate of" various hernia meshes on the market. Id. at 38-39.

Finally, Dr. Deeken responds to certain opinions offered by Plaintiff's experts. She criticizes the opinion that Symbotex's polyester is associated with more inflammation that results in adhesions and mesh contracture on the basis that Plaintiff's experts misinterpret studies, fail to consider the impact of other design features besides Symbotex's material, focus solely on animal studies while ignoring clinical data, and do not provide any objective measure to assess the increased inflammation and the likelihood of resulting complications. Dr. Deeken also rejects the opinion of various Plaintiff's experts that the change from bovine to porcine collagen in Symbotex's barrier resulted in a shorter resorption time and increased complications related to adhesions. She describes several published preclinical studies indicating that, like the bovine barrier, Covidien's porcine barrier "progresses from partial resorption at 14 days to full resorption at 28 days" and "was consistently associated with favorable tissue-separating characteristics" in comparison to other meshes. Id. at 53. She adds that the clinical data do not show the "elevated rates of bowel-related complications" in patients receiving Symbotex that one would expect if the porcine collagen barrier was associated with an increased risk of adhesions. Id. at 54.

6

Based on her analysis, Dr. Deeken opines that 1) a "single mesh design feature such as . . . material . . . does not determine performance and clinical outcomes"; 2) "Covidien performed sufficient testing to demonstrate the safety and effectiveness of . . . Symbotex . . . via biocompatibility, stability, and performance testing, as well as establishing substantial equivalence to predicate devices with demonstrated histories of safe and effective clinical use"; and 3) a "review of the available data for . . . Symbotex . . . does not show any increased risk of complications that would suggest safety concerns related to [its] design features." Id. at 57.

## II.  Analysis

Plaintiff first argues that Dr. Deeken does not employ a reliable methodology to assess Symbotex's safety because she uses subjective judgment rather than any objective, quantifiable criteria. In support, Plaintiff notes that Dr. Deeken admitted at her deposition that she did not "apply[] a consensus standard" or "follow[] a standard set of criteria" in assessing Covidien's testing of Symbotex and "did not have a formal cutoff" in evaluating Symbotex's complication rates and severity. Dkt. 72-3 at 127, 137, 144. In Plaintiff's view, Dr. Deeken's opinions about Symbotex's safety are "connected to existing data only by [her] ipse dixit" and, thus, are inadmissible. Rodríguez v. Hosp. San

Cristobal, Inc., 91 F.4th 59, 70 (1st Cir. 2024) (quoting Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)).

The Court disagrees. Dr. Deeken properly surveys a range of preclinical and clinical data on Symbotex and other hernia meshes to reach a conclusion about Symbotex's safety based on her expertise and experience in the testing of hernia meshes. Given her reliance on this directly relevant evidence, her testimony does not involve "too great an analytical gap between the data and the opinion proffered." Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 98 (1st Cir. 2020) (quoting Joiner, 522 U.S. at 146). Moreover, the fact that Dr. Deeken's analysis involves the "use of scientific judgment" to evaluate the relevant data does not render her methodology unreliable. Milward v. Acuity Specialty Prods. Grp., 639 F.3d 11, 18 (1st Cir. 2011).

Plaintiff next contends that Dr. Deeken's methodology is unreliable because the studies she cites examined only Symbotex's components and not the device as a whole implanted in humans and analyzed over time. This contention mischaracterizes Dr. Deeken's report. While Dr. Deeken does consider testing performed on certain of Symbotex's component parts and on data from other Covidien hernia mesh products that share components with Symbotex, she also examines preclinical and clinical data specifically involving Symbotex. The Court is satisfied that Dr. Deeken's review of a

broad range of relevant data reflects the use of a reliable methodology.

Plaintiff also challenges Dr. Deeken's opinion regarding the safety of Symbotex's porcine collagen barrier on the basis that she improperly extrapolates from studies involving PCO meshes with the older bovine collagen barrier. Dr. Deeken does consider studies involving meshes with the bovine barrier when rebutting the opinion of various Plaintiff's experts that the rapid resorption of Symbotex's barrier causes increased adhesions. She does so, however, as only one part of a review of a broad range of evidence to form her opinions on Symbotex's safety, including multiple published clinical and animal studies involving Symbotex and various internal biocompatibility, performance, and stability studies. Dr. Deeken also cites multiple published animal studies about Covidien meshes with the porcine collagen barrier to support her conclusion that the bovine and porcine barriers perform similarly. And she explains that the clinical data on Symbotex and other Covidien meshes with the porcine barrier do not show the higher rate of bowel-related complications one would expect if the barrier was causing more adhesions. Dr. Deeken's consideration of studies involving meshes with the bovine barrier in the context of a broader literature review does not undermine the reliability of her methodology but, rather, provides fodder for cross-examination.

9

Plaintiff further contends that there is an impermissible analytical gap between the information Dr. Deeken considers and her conclusions on Symbotex's safety because she does not comprehensively evaluate adverse event data. As Covidien notes, the mere reporting of adverse events is not conclusive on the question of safety because such reporting "does not in and of itself show a causal relationship between" the medical device and the adverse events. N.J. Carpenters Pension & Annuity Funds v. Biogen IDEC Inc., 537 F.3d 35, 50 (1st Cir. 2008) (quoting In re Carter-Wallace, Inc. Sec. Litig., 220 F.3d 36, 41 (2d Cir. 2000)). Dr. Deeken's failure to comprehensively consider adverse event data is grounds for cross-examination, not a basis to exclude her opinion entirely.

Lastly, Plaintiff argues that Dr. Deeken should be barred from offering legal conclusions about the sufficiency of Covidien's testing of Symbotex for safety and effectiveness and from opining on various areas outside of her expertise in biomaterial science. Covidien concedes that Dr. Deeken will not "step in the shoes of a regulatory expert to opine on the sufficiency of [Covidien's] testing for regulatory purposes." Dkt. 98 at 22. Dr. Deeken may, however, testify about the sufficiency of Covidien's testing from the perspective of a biomaterials

10

expert, including her understanding of Symbotex's clinical outcomes.[1]

<u>**ORDER**</u>

For the foregoing reasons, Plaintiff's motion to exclude the testimony of Dr. Deeken (Dkt. 71) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

---

[1] Plaintiff asserts that Dr. Deeken should also be barred from opining that there is no evidence of hydrolytic or oxidative degradation of Covidien's polyester meshes because this opinion is contradicted by a study she authored in 2007. It is not apparent from Plaintiff's theory of the case that the issue of degradation of Symbotex's polyester material will be relevant at trial. In any event, Dr. Deeken's 2007 study assessed hernia meshes made of polypropylene, not polyester, so there is no contradiction between that study and her opinion in this case.